## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ONYX ENTERPRISES INT'L, CORP.,** a New Jersey corporation,<br><br>**Plaintiff**,<br><br>   -against-<br><br>**ID AUTO, LLC,** a New York corporation,<br><br>**Defendant**. | Case No. _____<br><br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Onyx Enterprises International, Corp. ("Onyx"), by and through undersigned counsel, hereby brings suit against Defendant ID Auto LLC ("ID Auto") and alleges as follows:

### NATURE OF ACTION

1.      This case involves the ID Auto's infringement of Onyx's brand and most prominent trademark, the iD® house mark (the "iD® Mark"), as Onyx has used in connection with the sale of automotive products since 2009.

2.      ID Auto has been selling automobiles under the name ID Auto Mall on the website www.idautomall.com.  ID Auto has been infringing Onyx's trademark in order to benefit from the national name recognition and good will associated with Onyx's signature iD® brand, to mislead consumers into believing that www.idautomall.com is associated with Onyx's iD® brand.

3.      ID Auto's infringement of Onyx's distinctive signature iD® Mark and its unauthorized use of its likeness encroach upon any reasonable notion of fair competition. Onyx attempted to resolve this dispute with ID Auto by sending a Notice to ID Auto, LLC regarding Onyx Enterprises Int'l Corp's trademarks on May 12, 2020.  *See* Exhibit 1, Bradford Letter to Islom Djalolov and ID Auto, LLC dated May 12, 2020.  Despite signing for the letter, Mr. Djalolov

and ID Auto have not responded to pre-suit overtures for resolution.    Onyx brings this action for damages and injunctive relief for trademark infringement, unfair competition, false designation of origin, and cybersquatting pursuant to the Lanham Act (15 U.S.C. § 1051, *et seq.*), and trademark infringement and deceptive acts and practices pursuant to the common law of N.Y. Gen. Bus. Law §§ 133, 349, and 360.

### PARTIES

4.    Onyx is a New Jersey corporation having a principal place of business at 1 Corporate Drive, Suite C, Cranbury New Jersey 08512.

5.    Upon information and belief, ID Auto is a New York corporation having a principal place of business at 132-14 Liberty Ave South Richmond Hill, New York 11419.   Upon information and belief, ID Auto ID Auto owns, operates, and controls the website www.idautomall.com.

### JURISDICTION & VENUE

6.    This Court has subject matter jurisdiction over the asserted claims under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a), and 1338(b).

7.    This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Onyx's state and common law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

8.    This Court has personal jurisdiction over the New York corporation ID Auto as it has committed tortious acts in this District, maintains a website accessible in this District, and has and will continue to transact substantial business in this District.  ID Auto also regularly solicits business from, does business with, and derives value from goods and services provided to, consumers in this District.

9.     Venue is proper within this District pursuant to 28 U.S.C. § 1391(b) and (c) and under 28 U.S.C. § 1400(b) because ID Auto resides within this Judicial District.  Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the property that is the subject of the claims contained herein is located within this District.

**FACTUAL ALLEGATIONS**
**CREATION, GROWTH, AND SCOPE OF ONYX'S iD® MARK**

10.     As early as 2008, Onyx deployed its iD® Mark to brand its eCommerce platform designed to sell complex product portfolios.  For more than a decade, Onyx has been singularly focused upon the creation of a unique, comprehensive, and reliable online customer experience for those seeking to purchase automotive products, both original equipment ("OE") and aftermarket ("AM") parts.  By reliably connecting consumers to millions of products from thousands of brands, Onyx drove consumer confidence in the purchase of automotive products online and established the iD® brand as the leader in online automotive product sales.

11.     Onyx is a pure online retailer.  When formed, the market for the online purchase of automotive parts was minimal.   In 2008, Onyx launched its first iD® branded platform, www.CARiD.com, and funded a consistent and persistent effort to compete with traditional channels for the sale of automotive products by creating demand for products online.



*(Screenshot from The Way Back Machine, December 2009)*

12.     To compete with traditional automotive retailers and create consumer confidence for the online purchase of automotive products, Onyx invested hundreds of millions of dollars marketing and developing its brand, constructing a proprietary platform coupled with a comprehensive product catalog featuring millions of OE/AM products from thousands of brands. Onyx also integrated customer service and consumer education components to create a comprehensive online experience that customers enjoy and companies respect.

13.     Through this effort, Onyx has grown the iD® brand into one of the largest online retailers of automotive products in the United States.  At the time it was formed in 2008, online traffic for the sale of automotive products was virtually non-existent, as depicted below.  Today, Onyx receives over 10 million visitors to its site each month, nearly three times its closest online direct competitor, as depicted below.

4



14.     Figure 1 is a graphical representation from a SpyFu, Inc.[1] demonstrating the number of monthly SEO clicks directed at the top pure online retailers from 2006 through the present. See Exhibit 2, Declaration of Aaron P. Bradford, Attachment 1.  Using only www.CARiD.com, Onyx represents the he top performer as represented by the top, red line below:



FIGURE 1

---

[1] Figures 1-5 were derived from SpyFu, Inc., a third party with which Onyx has no relationship.  Figures 1-5 were generated using various publicly available competitor analysis tools available at www.spyfu.com.  Figures 1-5 are provided to demonstrate the relative market position of the selected domains over time.  Figures 1-5 were not produced using data maintained by Onyx.

15.     Figure 2 is a graphical representation of the number of monthly clicks directed at a comparison of the top online retailers, with Onyx as the top line, from 2015 through the present. See Exhibit 2, Bradford Dec., Attachment 2.



FIGURE 2

16.     After Onyx launched its iD® platform in 2008, traditional automotive product retailers such as AutoZone, Advanced Auto Parts, O'Reilly Auto/Pep Boys, and NAPA started to heavily invest in eCommerce.  Specialty brick and mortar retailers, such as 4 Wheel Parts and others, also followed suit.  Figure 3 is a graphical representation of the performance, expressed in terms of monthly clicks, of the top six traditional retailers' domains from 2006 through the present. See Exhibit 2, Bradford Dec, Attachment 3.



FIGURE 3

17.     Through its concerted campaign to drive its iD® Mark to the center of consumer purchasing for automotive parts and accessories, Onyx has outperformed all traditional retailers online other than AutoZone.   See Exhibit 2, Bradford Dec., Attachment 4.   Onyx is again represented by the Red Line, which is just below AutoZone:



FIGURE 4

18.     Figure 4 is a graphical representation of the number of monthly clicks on the indicated domains from 2015 through the present.

19.     To achieve these results, Onyx committed substantial resources to ensure that it would perform relative to its competition, both traditional retailers and the field of pure eCommerce retailers.  Onyx has spent nearly $200 million in marketing its brand.

20.     To maintain its position relative to eCommerce and traditional retailers, Onyx has similarly outspent the competition to drive traffic to its iD® Branded platforms.

21.     As a result of its efforts, Onyx's online presence exceeds the profiles of its top online competitors according to SpyFu's Kombat feature:





FIGURE 5

22.     Like the end consumer, most automotive product manufacturers, both OE and AM, associate the iD® brand with Onyx and its unique, comprehensive, and reliable eCommerce platform.  Onyx works with manufacturers and distributors of OE and AM products ("the Brands") to build educational tools and product pages to connect the right customer, with the right Brand, for the right car.  The Brands associate the iD® Mark with quality service and professional product placement.

23.     The substantial brand power behind the iD® Mark that has been developed for over a decade is reflected in a consistent commercial impression:  When consumers and/or Brands see the iD® Mark with its unique properties and design elements, they know to expect quality, service, and professionalism, deriving from a very specific and distinguishable source.

24.     Leveraging its famous mark and the goodwill customers associate with the iD® brand, Onyx expanded its suite of eCommerce platforms into other complex market product portfolios.



25.    For example, Onyx developed and released its MOTORCYCLEiD® mark in July 2018.  Similar to CARiD®, MOTORCYCLEiD® conveys to customers that they can come to Onyx—and MOTORCYCLEiD®—to identify the unique parts and pieces that are suited for that customer's particular motorcycle.

26.    For example, Onyx developed and released its TRUCKiD® mark in July 2018. Similar to CARiD®, TRUCKiD® conveys to customers that they can come to Onyx—and TRUCKiD®—to identify the unique parts and pieces that are suited for that customer's particular semi-truck or other oversized or commercial vehicle.

27.    Onyx's iD® Mark and the reputation it has developed in association with its iD® trademark and iD® brand have grown based on the quality associated with them.  Consequently, Onyx has registered the following marks: BOATiD®, CAMPERiD®, MOTORCYCLEiD®, POWERSPORTSiD®, RECREATIONiD®, STREETiD®, TOOLSiD®, and TRUCKiD®.  Onyx has launched associated eCommerce platforms utilizing the same trade dress.

| | |
|---|---|
| [www.BOATiD.com](http://www.BOATiD.com) |  |
| [www.CARiD.com](http://www.CARiD.com) | |
| [www.CAMPERiD.com](http://www.CAMPERiD.com) | |

| | |
|---|---|
| [www.MOTORCYCLEiD.com](http://www.MOTORCYCLEiD.com) |  |
| [www.POWERSPORTSiD.com](http://www.POWERSPORTSiD.com) | |
| [www.RECREATIONiD.com](http://www.RECREATIONiD.com) | |



www.TOOLSiD.com

28.     Onyx's CARiD® branded services have received consistent high ratings.

29.     Onyx has an "Elite" rating of 9.5/10 out of about 102,877 reviews on www.ResellerRatings.com.  Based on the reviews submitted within the last six months, Onyx's CARiD® branded services has an average customer service rating of 9.09/10 and a "chance of future purchase" rating of 8.99/10.

30.     Onyx has an "A+" rating with the Better Business Bureau.

31.     Onyx has a 4.7 out of 5 on Google Reviews based upon just under 10,000 reviews.

32.     Onyx's CARiD® Facebook page currently has a 4.4/5 rating out of about 20,088 reviews.

33.     The CARiD® Instagram account currently has approximately 39,000 followers while the CARiD® Facebook account currently has over 2.5 million followers.  The CARiD® YouTube Channel has over 69,100 subscribers and over 35.6 million views.

34.     As a result of its efforts, including its extensive financial investment, Onyx has made a substantial amount of sales through its iD® brand in the United States and abroad.  Sales of products sold through Onyx's CARiD® and other iD® branded services have far exceeded those of Onyx's direct competitors in the United States and abroad.

<u>Onyx's Intellectual Property Protections</u>

35.    In addition to the strong consumer recognition, the iD® brand enjoys substantial state and federal trademark protections given its ubiquitous and consistent use since 2008.  Onyx is the registered owner of the federal trademark registration for the stylized "iD" logo (Reg. No. 5658672) for "Wholesale distributorships featuring automotive parts and accessories; retail store services featuring automotive parts and accessories; online retail store services featuring automotive parts and accessories."  *See* Exhibit 3.



36.    Onyx owns the trademark application for its newly-stylized iD® logo (Reg. No. 5804750) for "Distributorship services featuring parts and accessories for land vehicles and water vehicles; Distributorship services featuring goods for travel and outdoor recreational activities; Distributorship services featuring tools."  *Id*.



37.    This application received no opposition and was registered on the Principal Register on July 16, 2019.  Onyx has been using this newly stylized iD® logo in some version in connection with its multiple retail platforms since at least 2013.

38.    Onyx is the registered owner of the federal trademark, wordmark, and registration for CARiD® (Reg. No. 3711746) for "Wholesale distributorships featuring automotive accessories; retail store services featuring automotive accessories; online retail store services

featuring automotive accessories." Onyx has been using this trademark in connection with its eCommerce platform since at least 2008. *Id.* at 1.

39. Onyx owns U.S. Trademark Registrations and pending U.S Trademark Applications for the following marks, copies of which are attached as Exhibit 3:

| MARK | Reg./Ser. No. | Goods & Services |
|------|---------------|------------------|
| CARID | Reg. No. 3711746 | IC 035: Wholesale distributorships featuring automotive accessories; retail store services featuring automotive accessories; online retail store services featuring automotive accessories. (Date of First Use: at least as early as March 10, 2009) |
| **iD** | Reg. No. 5804750 | IC 035: Distributorship services featuring parts and accessories for land vehicles and water vehicles; Distributorship services featuring goods for travel and outdoor recreational activities; Distributorship services featuring tools. (Date of First Use: at least as early as June 1, 2018) |
| iD | Reg. No. 5658672 | IC 035: Wholesale distributorships featuring automotive parts and accessories; retail store services featuring automotive parts and accessories; online retail store services featuring automotive parts and accessories. (Date of First Use: at least as early as September 1, 2013) |
| iD | Ser. No. 87412406 | IC 002: Sealer coatings for use in the sealing of vehicle parts and during vehicle repairs; coatings for industrial purposes, namely, paints, aerosol paints, rust treatment coatings, undercoats in the nature of industrial sealants for waterproofing and surface hardening, insulation coatings, and rubberized coatings in the nature of industrial sealants for waterproofing and surface hardening; anti-corrosive oils<br><br>IC 003: Chemical cleaners directed to the vehicle industries; windshield washing fluid; vehicle and car wax preparations<br><br>IC 004: Motor vehicle lubricants; Rust penetrant lubricants for vehicle exhaust systems, for hood release cables, for nuts and bolts, for shock |

absorbers, and other clips and cables of vehicles; penetrating oil; vehicle lubricants; vehicle lubricating greases; lubricating oils; automotive lubricants

IC 007:      Vehicle equipment, namely, engine mufflers, spark plugs, gaskets, and chucks for power-operated drills; metal engine gaskets for vehicles

IC 009:      Batteries for motor vehicles; battery maintenance equipment, namely, cables, lugs, connectors, terminals, hardware, protectors, cable assemblies, bolts, and booster cables; battery chargers for motor vehicles

IC 012: ATVs (all terrain vehicles); automobiles and structural parts therefor; brake discs for motorcycles; motor scooters and structural parts therefor; motorcycle drive chains ; motorcycle foot pegs; motorcycle sprockets; motorcycles and structural parts therefor; motorized bicycles; motorized dirt bikes for motocross and dune buggies; motorized vehicles, namely, go-carts; parts of motorcycles, namely, brake cables; parts of motorcycles, namely, brake calipers; parts of motorcycles, namely, brake levers; parts of motorcycles, namely, brake master cylinder assemblies; parts of motorcycles, namely, brake rotors; parts of motorcycles, namely, clutch cables; parts of motorcycles, namely, clutch master cylinder assemblies; parts of motorcycles, namely, handle bar grips; parts of motorcycles, namely, handle bar throttles; parts of motorcycles, namely, handle bar grips; parts of motorcycles, namely, handle bars; parts of motorcycles, namely, master cylinders; parts of motorcycles, namely, shift levers; parts of motorcycles, namely, brake master cylinder assemblies; parts of motorcycles, namely, clutch master cylinder assemblies; vehicle parts, namely, rearview mirrors; push scooters and structural parts therefor

IC 025: Clothing, namely, t-shirts, sweatshirts, headwear and footwear

| | | |
|---|---|---|
| BOATiD | Reg. No. 5888908 | IC 035: Online retail store services featuring consumer products, electronics, parts and accessories for boats and water vehicles, boat safety, and boat maintenance; computerized online ordering featuring general merchandise and general consumer goods for boats and water vehicles, boat safety, and boat maintenance |
| CAMPERiD | Reg No. 58889090 | IC 035: Online retail store services in the field of outdoor consumer products, equipment, parts and accessories used with, or in association with, recreation vehicles, campers, cooking, towing, and other outdoor recreational activities; Online retail store services in the field of general merchandise and general consumer goods used for outdoor recreational activities |
| MOTORCYCLEiD | Reg. No. 5787890 | IC 035: Online retail store services featuring consumer products, electronics, apparel, protective wear, parts and accessories for motorcycles, dirt bikes, motocross bikes, scooters, and three-wheel bikes; computerized online ordering featuring general merchandise and general consumer goods including those used with motorcycles, dirt bikes, motocross bikes, scooters, and three-wheel bikes (Date of First Use: at least as early as July 1, 2018) |
| POWERSPORTSiD | Reg. No. 5787889 | IC 035: Online retail store services featuring consumer products, electronics, parts and accessories for powersports, namely, boating, snowmobiling, motorcycling, utility terrain vehicles, watercrafts, off-road vehicles, and all-terrain vehicles; computerized online ordering featuring general merchandise and general consumer goods including those used in support of powersports (Date of First Use: at least as early as July 1, 2018) |
| RACINGiD | Ser. No. 88303678 | IC 035: On-line retail store services featuring a wide variety of consumer goods of others; Online retail store services featuring consumer products, electronics, parts and accessories for land and water vehicles used for racing or high performance travel; Computerized online ordering featuring general consumer merchandise |

| RECREATIONiD | Reg. No. 5888910 | IC 035: Online retail store services in the field of consumer products, shoes, electronics, equipment, parts and accessories used with, or in association with, walking, camping, backpacking, hiking, tailgating, cooking, hunting, fishing, biking, towing, and other outdoor recreational activities; Online retail store services in the field of general merchandise and general consumer goods used for outdoor recreational activities |
| STREETiD | Reg. No. 5850420 | IC 035: On-line retail store services featuring a wide variety of consumer goods of others. |
| TOOLSiD | Reg. No. 5888911 | IC 035: Online retail store services featuring consumer products, electronics, parts and accessories associated with tools, namely, power tools, hand tools, lawn and garden tools, air tools, automotive tools, and construction tools; Online retail store services in the field of general merchandise and general consumer goods used for or with tools |
| TRUCKiD | Reg. No. 5787891 | IC 035: Online retail store services in the field of electronics, consumer products, parts and accessories directed to, or used in association with, trucks, semi-trucks, semi-tractor trailers, fifth wheels, trailers and towing; computerized online ordering featuring general merchandise and general consumer goods for those in the field of trucks, semi-trucks, semi-tractor trailers, fifth wheels, trailers and towing<br>(Date of First Use: at least as early as July 1, 2018) |

40.     Registration No. 3711746 is "incontestable" under § 15 U.S.C. § 1065, and thereby is conclusive evidence of the validity of the registered mark and of Onyx's ownership of the mark

41.     Consequently, its iD® brands have become distinctive and well-known in the industry as a symbol of Onyx's goodwill with manufacturers, distributors, resellers, industry publications, and consumers of vehicle parts and accessories.  The breadth and scope of Onyx's offerings is extensive, and many of the parts comprising a vehicle could be purchased through the

platform.  As a result, its stylized iD® Mark has become famous and a strong indicator of source and affiliation.

42.     Onyx also owns valid and subsisting common law rights in the marks depicted below, which Onyx has continuously used in interstate commerce for many years:



43.     Onyx has also enforced its intellectual property rights to ensure the integrity and strength of its iD® brands.  *See, e.g.*, *Onyx Enters. Int'l, Corp. v. Guangzhou Zezhong Elecs. Co.,*

*Ltd.*, No. 1:18-cv-03226 (D. Colo. filed Dec. 14, 2018); *Onyx Enters. Int'l, Corp. v. Sloan Int'l Holdings Corp.*, No. 0:20-cv-60871-RKA (S.D. Fla. filed Apr. 29, 2020).

<u>ID Auto's Acts of Infringement</u>

44.     Upon information and belief, Mr. Islom Djalolov registered an LLC in Florida under the name "ID Auto, LLC" in 2013.

45.     Upon information and belief, ID Auto, LLC was dissolved in the State of Florida in 2015.

46.     Upon information and belief, ID Auto, LLC was reformed in the State of New York in 2018.

47.     In or around October 2014—long after Onyx had launched its eCommerce site at www.CARiD.com on December 15, 2009—Mr. Djalolov launched www.idautomall.com.

48.     Upon information and belief, ID Auto is the registered owner of www.idautomall.com.

49.     Upon information and belief, after its incorporation, ID Auto began to operate and control the www.idautomall.com website and provided retail services for automobiles under the infringing www.idautomall.com domain name.

50.     ID Auto has marketed, and continues to market, its retail services in the auto industry into the same channels of trade as Onyx and to similar types of consumers.

51.     The www.idautomall.com  website and marks directly incorporate Onyx's iD® Mark and are identical in spelling and sound to Onyx's iD® Mark, which is depicted in the below side-by-side comparisons:

| Onyx's iD® Mark | ID Auto's Infringing ID Mark |
|---|---|
| 

(as depicted on www.CARiD.com)

CARID
(Reg. No. 3711746 CARID)



(Reg. No. 5804750)



(as depicted on www.CARiD.com)



(as depicted on www.MOTORCYCLEiD.com)



(as depicted on www.BOATiD.com)



(as depicted on www.CAMPERiD.com)



(as depicted on www.POWERSPORTSiD.com)

(as depicted on www.RECREATIONiD.com) | **ID AUTO MALL**

(as used on www.idautomall.com on 06/15/2020) |



(as depicted on www.TOOLSiD.com)

(as depicted on www.TRUCKiD.com)

52.     True and correct copies of the website screenshots for Onyx's current CARiD, BOATiD, CAMPERiD, MOTORCYCLEiD, POWERSPORTSiD, RECREATIONiD, TOOLSiD, and TRUCKiD websites depicting the above-referenced complimentary iD® Marks are attached as Exhibit 4.

53.     A true and correct copy of the website screenshot for the www.idautomall.com website, as captured on June 8, 2020, is attached as Exhibit 5.

54.     Upon information and belief, ID Auto had full knowledge of Onyx's ownership of the iD® Mark, including Onyx's respective, exclusive rights to use and license such intellectual property and the goodwill associated therewith.

55.     Upon information and belief, ID Auto initially created the www.idautomall.com website and name with the intention of creating consumer confusion and passing off www.idautomall.com service as being associated with Onyx's iD® Mark.

56.     At all relevant times, Onyx began using its iD® Mark, prior to ID Auto's use of its infringing ID mark utilizing the term "ID".

57.     ID Auto has acted purposefully and in bad faith to usurp the substantial goodwill that Onyx has developed in the automotive industry under its iD® Mark to confuse and deceive

consumers into believing that www.idautomall.com, and the products and services associated with it, are in some way affiliated or connected to Onyx's iD® brand when it is not.

58.     ID Auto has made and will continue to make substantial profits and gains off the goodwill and value Onyx has acquired through their iD® Mark, to which the ID Auto is not in law or equity entitled.  Consumers of automotive products respect and value the goods and services offered by Onyx under the iD® brand and ID Auto has, and will continue, to unlawfully profit from this impression.

59.     Onyx is not affiliated or connected with ID Auto or its services, nor has Onyx endorsed or sponsored ID Auto or their services.

60.     Onyx has not in any way authorized ID Auto's use of Onyx's iD® Mark or its likeness.

61.     Onyx has no control over the nature and quality of the services or goods that ID Auto provides through www.idautomall.com or under the infringing ID mark.

62.     Upon information and belief, ID Auto does not provide services through the infringing www.idautomall.com website or infringing ID mark that meet the high standard and quality that consumers have come to associate with Onyx's iD® Mark.

63.     ID Auto's use of the infringing www.idautomall.com website and the infringing ID mark have harmed, and will continue to cause harm, to the goodwill symbolized by Onyx's iD® Mark and the reputation for quality and excellence that it embodies.

64.     On May 13, 2020, shortly after discovering ID Auto's use of the www.idautomall.com website and the infringing ID mark, Onyx notified ID Auto of Onyx's rights in its iD® Mark and requested that ID Auto cease using the infringing www.idautomall.com website and iD® Mark.  ID Auto acknowledged receipt of the notice via signature confirmation of

delivery on May 14, 2020.  Onyx communicated with ID Auto again on May 19, 2020 to again request it cease and desist its unlawful use of Onyx's iD® Mark, but ID Auto did not reply to nor acknowledge the second notice.

65.     Rather than cease using the infringing www.idautomall.com website and the infringing ID mark as requested, ID Auto failed to respond any further to Onyx's attempts to negotiate and has not changed anything on the its infringing www.idautomall.com website or associated with its operation that uses the iD® Mark to sell automotive products.

66.     ID Auto continues to advertise, market, and sell automobiles in a related industry and through the same channels of trade as Onyx using its infringing www.idautomall.com website and infringing ID mark's use at its location at 132-14 Liberty Avenue, South Richmond Hill, New York 11419.

67.     Absent injunctive relief, Onyx will continue to suffer irreparable harm in the loss of control of its reputation and goodwill in its iD® Mark.

68.     This and all other damage to Onyx's reputation and goodwill in its iD® Mark and brand resulting from the conduct alleged in this action cannot be easily quantified nor could it be undone through an award of money damages alone.

## <u>COUNT I</u>
### (Federal Trademark Infringement, Unfair Competition, and False Designation of Origin in Violation of 15. U.S.C. § 1125(a))

69.     Onyx incorporates the allegations in Paragraphs 1 through 68 as if fully set forth herein.

70.     This cause of action arises under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), *et seq*.

71.     Onyx is the owner of all right, title, and interest in, to and under its iD® Mark, and all goodwill appurtenant thereto.

72.     Onyx's iD® Mark has been continuously and widely used by Onyx nationwide, abroad, and on its website.  Onyx intends to preserve and maintain its rights to the iD® Mark and to continue the use of the iD® Mark in connection with its distributorship and retail store services relating to the distribution and sale of automotive products.

73.     By virtue of the renown of the iD® Mark, the iD® Mark has developed secondary meaning and significance in the mind of the relevant public.  Goods and services associated with the iD® Mark are immediately associated by the purchasing public with Onyx's iD® brands and its automotive parts and accessories-based eCommerce platforms.

74.     Without Onyx's consent, ID Auto has and continues to use identical and/or confusingly similar imitations of Onyx's iD® Mark in interstate commerce in connection with the promotion, advertisement, and operation of related retail store services.

75.     ID Auto's unauthorized use of Onyx's iD® Mark, and/or confusingly similar variations thereof, is causing and is likely to continue to cause confusion, or to cause mistake, or to deceive, consumers and the relevant public into falsely believing that ID Auto is affiliated, connected, sponsored, or associated with Onyx's iD® Mark.

76.     ID Auto's acts as alleged herein and above constitute trademark infringement, unfair competition, false representation, and/or false designation of origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

77.     ID Auto has engaged in this conduct knowingly, willfully, and in bad faith, in total disregard of Onyx's proprietary rights.  Even though ID Auto received notice of its infringement,

ID Auto intentionally and willfully continues their unauthorized use of Onyx's iD® Mark. Onyx is therefore entitled to statutory and treble damages.

78.     ID Auto's conduct has deprived Onyx of its rightful ability to control the quality of goods and services uniquely associated with Onyx's iD® Mark and to ensure that their associated, valuable goodwill, and reputation are protected. ID Auto's unlawful actions have caused and are continuing to cause Onyx irreparable injury and monetary damages.

79.     As a direct and proximate result of ID Auto's conduct, Onyx has been and is likely to be substantially injured in its business, including its goodwill and reputation acquired under the iD® Mark and brands, resulting in lost revenues and profits and diminished goodwill.

80.     Onyx has no adequate remedy at law and, if ID Auto's activities are not preliminarily and permanently enjoined, Onyx will continue to suffer irreparable harm and injury.

81.     Onyx is therefore entitled to recover actual and treble damages, attorney fees, and costs pursuant to 15 U.S.C. § 1117 and injunctive relief pursuant to 15 U.S.C. § 1116.

### COUNT II
### (Cybersquatting in Violation of 15. U.S.C. § 1125(d))

82.     Onyx incorporates the allegations in Paragraphs 1 through 81 as if fully set forth herein.

83.     The domain name www.idautomall.com is confusingly similar to Onyx's registered iD® Mark, which was distinctive and/or famous at the time ID Auto registered its domain name.

84.     ID Auto registered and uses the www.idautomall.com domain name knowing it was and is confusingly similar to Onyx's iD® Mark.

85.     ID Auto has acted with bad faith intent to profit from the iD® Mark and the goodwill associated with it by registering and using the domain name www.idautomall.com.

86.     ID Auto's activities as alleged herein and above constitute cybersquatting in violation of § 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

87.     ID Auto's unlawful actions have caused and are continuing to cause Onyx irreparable injury and damages.

88.     Onyx has no adequate remedy at law and, if ID Auto's activities are not preliminarily and permanently enjoined, Onyx will continue to suffer irreparable harm and injury.

89.     Onyx is therefore entitled to recover actual and treble damages, attorney fees, and costs pursuant to 15 U.S.C. § 1117 and injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT III
### (Trademark Infringement in Violation of N.Y. Gen. Bus. Law § 360)

90.     Onyx incorporates the allegations in Paragraphs 1 through 89 as if fully set forth herein.

91.     Onyx is the owner of valid common law rights in the iD® Mark which it has used continuously and in connection with Onyx's goods and services prior to ID Auto's unauthorized use of the infringing ID mark.

92.     ID Auto's conduct as set forth above constitutes infringement in violation of N.Y. Gen. Bus. Law § 360-k.

93.     ID Auto is promoting and otherwise advertising its automotive product services under marks that are identical or confusingly similar variations of Onyx's iD® Mark.

94.     ID Auto's use of its infringing ID mark is likely to cause, has caused, and will continue to cause confusion, mistake, or deception as to the source of origin of ID Auto's goods and services in that consumers and others are likely to believe ID Auto's goods and services are legitimately connected with or approved by Onyx and/or its iD® brands in violation of New York law.

95.     ID Auto has engaged in this conduct knowingly, willfully, and in bad faith.

96.     ID Auto's unlawful actions have caused and are continuing to cause Onyx irreparable injury and damages.

97.     Onyx has no adequate remedy at law and, if ID Auto's activities are not preliminarily and permanently enjoined, Onyx will continue to suffer irreparable harm and injury.

98.     Onyx is therefore entitled to recover actual damages and costs pursuant to N.Y. Gen. Bus. Law § 360-m and injunctive relief pursuant to N.Y. Gen. Bus. Law § 360-l.

## COUNT IV
**(Deceptive Acts and Practices in Violation of N.Y. Gen. Bus. Law § 349 and New York Common Law)**

99.     Onyx incorporates the allegations in Paragraphs 1 through 98 as if fully set forth herein.

100.    ID Auto's conduct as set forth above constitutes deceptive acts and practices in violation of N.Y. Gen. Bus. Law §§ 349, 133 and New York common law.

101.    ID Auto's use of Onyx's iD® Mark and confusingly similar variations thereof, falsely suggests Onyx and/or its iD® brands as the source of ID Auto's goods and services.

102.    In the course of ID Auto's business, ID Auto has and continues to make false representations as to the source or connection of goods and services provided by ID Auto in order to deceive consumers into believing that ID Auto's goods and services are sponsored, approved, or certified by Onyx and/or its iD® Mark of brands in violation of New York common law.

103.    In the course of ID Auto's business, it has and continues to make false representations to deceive consumers into believing that ID Auto's and/or their goods and services are affiliated, connected, or associated with Onyx and/or its iD® Mark.

104.    ID Auto has engaged in this conduct knowingly, willfully, and in bad faith and accordingly the ID Auto's conduct in this regard was immoral or otherwise unscrupulous.

105.    ID Auto's actions have caused and will continue to cause confusion among unsuspecting consumers familiar with the iD® Mark and brands, which are used to identify Onyx's goods and services, and thereby significantly impact the public as actual or potential consumers.

106.    ID Auto's unlawful actions have caused and are continuing to cause Onyx irreparable injury and monetary damages.

107.    As a direct and proximate result of ID Auto's conduct, Onyx has been and is likely to be substantially injured in its business, including its goodwill and reputation acquired under the iD® Mark, resulting in lost revenues and profits and diminished goodwill, and will continue to both damage Onyx and confuse the public unless enjoined by this court. Onyx has no remedy at law.

108.    Onyx is therefore entitled to recover actual damages and costs, and injunctive relief, pursuant to N.Y. Gen. Bus. Law § 349.

## **PRAYER FOR RELIEF**

WHEREFORE, Onyx prays for judgment and relief against ID Auto as follows:

A.    For preliminary and permanent injunctive relief enjoining ID Auto and any principals, agents, servants, employees, successors and assigns of ID Auto and all those in privity, concert or participation with ID Auto from:

(i)  imitating, copying, duplicating, or otherwise making any use of Onyx's iD® Mark or any mark confusingly similar to Onyx's iD® Mark;

(ii)  using any unauthorized copy or colorable imitation of Onyx's iD® Mark in such fashion as is likely to relate or connect ID Auto with Onyx;

(iii) using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to believe mistakenly that any service advertised, promoted, offered or sold by ID Auto is sponsored, endorsed, connected with, approved or authorized by Onyx;

(iv) causing likelihood of confusion or injury to Onyx's business reputation and to the distinctiveness of the Onyx's iD® Mark by unauthorized use of the iD® Mark or any mark confusingly similar to the iD® Mark;

(v) engaging in any other activity constituting unfair competition or infringement of Onyx's iD® Mark or Onyx's rights in, or to use, or to exploit the same;

(vi) assisting, aiding, or abetting another person or business entity in engaging or performing any of the activities enumerated in subparagraphs (i) through (v) above.

B.      Find that ID Auto has infringed upon Onyx's iD® Mark in violation of federal and common law and damaged Onyx's goodwill by its conduct.

C.      Find that ID Auto has unfairly competed with Onyx by the acts complained of herein in violation of federal law and common law.

D.      For an order requiring the transfer of the infringing website, www.idautomall.com, to Onyx.

E.      For an order requiring ID Auto to remove any and all references to the iD® Mark, including any company or account names, logos, photographs or videos, and/or any other posts or references, from the Internet.

F.      Find ID Auto liable and award to Onyx monetary damages in an amount to be fixed by the Court in its discretion as just, including all of the ID Auto's profits or gains of any kind, resulting from ID Auto's willful infringement, counterfeiting, dilution, cybersquatting, and/or acts

of unfair competition, said amount to be trebled and exemplary damages where applicable in view of the intentional nature of the acts complained of herein, pursuant to 15 U.S.C. § 1117, N.Y. Gen. Bus. Law §§ 349, 360-m, and the common law of the State of New York;

G.      Award to Onyx statutory damages to the full extent permitted by law;

H.      Award to Onyx its attorneys' fees, due to the exceptional nature of this case, and all of Onyx's costs and expenses of litigation pursuant to 15 U.S.C. § 1117(a) and N.Y. Gen. Bus. Law § 360-m.

I.      Award to Onyx pre-judgment and post-judgment interest;

J.      Grant to Onyx such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

## JURY DEMAND

Onyx demands a trial by jury on all issues so triable.

Dated: June 30, 2020                              Respectfully submitted,


                                        _/s/ Aaron P. Bradford_
                                        Aaron P. Bradford, Esq.
                                        BRADFORD, LTD
                                        2701 Lawrence Street, Suite 104
                                        Denver, Colorado 80205
                                        Telephone: (303) 325-5467
                                        Facsimile: (844) 406-5294
                                        Email: Aaron@apb-law.com
                                        Email: Nina@apb-law.com

                                        _Counsel for Plaintiff Onyx Enterprises Int'l,
                                        Corp._ (pro hac vice application forthcoming)


                                        _/s/ Vincent H. Miletti_
                                        Vincent H. Miletti
                                        LAW OFFICE OF VINCENT MILETTI
                                        New York Bar No. 5194014
                                        2139 East 3rd Street

Brooklyn, New York 11223
(347) 234-0034
vmiletti@aol.com

*Local Counsel for Plaintiff*